IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02160-WDM-CBS

GEORGE LOPEZ,

       Plaintiff,

v.

BEVERLY NICHOLS, Major (FCF) Physical Plant Manager,
DUANE CONNERS, Captain (FCF) Physical Plant Supervisor, and
WALTER WOODS, Sergeant (FCF) Grounds Maintenance Supervisor,
all sued in their individual capacities,

       Defendants.

---

## ORDER ON MOTION TO DISMISS

---

Miller, J.

       This matter is before me on three motions to dismiss pursuant to Fed. R. Civ. P.

12(b)(6), filed by Defendants on December 29, 2005.  Upon review of the parties'

filings, I conclude oral argument is not required.  For the reasons that follow, the

motions to dismiss will be denied.

Background

       As alleged by plaintiff George Lopez (Lopez), the facts of this case are as

follows.

       Lopez is incarcerated at Fremont Correctional Facility in Canon City, Colorado.

In March 2004, through the prison's maintenance work detail, Lopez was assigned the

task of cutting up old inmate boots.  To accomplish this task, Lopez was instructed to

use a circular saw with the blade guard tied back, while another inmate held the boots

by hand.  While Lopez was cutting one of the boots, the saw kicked back and ran down

his leg, causing severe injury.  As a result, Lopez brought this action, pursuant to 42

U.S.C. § 1983, alleging that the defendants, prison employees who either assigned him

the boot-cutting task or set the boot-cutting procedures, violated his Eighth Amendment

right to be free from cruel and unusual punishment.

Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the

plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all

well-pleaded facts and construe all reasonable allegations in the light most favorable to

the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir.

1996).

Discussion

1.    Exhaustion of Administrative Remedies

In their first motion to dismiss, Defendants argue that Lopez has failed to

demonstrate exhaustion of  administrative remedies because his Complaint contains

neither records of administrative proceedings nor a detailed description of Lopez's

efforts to obtain administrative relief.  *See Steele v. Fed. Bureau of Prisons*, 355 F.3d

1204, 1210 (10th Cir. 2003) (holding that exhaustion is a pleading requirement and

describing the information that must be provided).  In response, Lopez argues that he

has exhausted his administrative remedies and that issue preclusion prevents

Defendants from arguing otherwise.

From Lopez's response, it appears likely that he has indeed exhausted his

2

administrative remedies, but has simply failed to provide details in his complaint.

Therefore, I will construe Lopez's response as a motion for leave to file an amended

complaint, and will grant such relief.  Accordingly, Defendants' motion to dismiss

regarding exhaustion of administrative remedies will be denied without prejudice.

2.    Allegations of an Eighth Amendment Violation

In their second motion to dismiss, Defendants argue that Lopez's allegations do

not state an Eighth Amendment violation for three reasons: (1) work is not punishment;

(2) there are no allegations of willful and wanton infliction of pain; and (3) Lopez has

failed to allege that Defendants intended to cause him harm.

Defendants' first argument cannot be reconciled with *Farmer v. Brennan*. 511

U.S. 825 (1994).  In *Farmer*, the Supreme Court held that when a prison guard places a

prisoner in a situation where the guard actually knows there is a substantial risk he will

be violently raped, the guard has violated the Eighth Amendment.  *Id.* at 825.  Similarly,

Lopez has alleged that Defendants forced him to cut up boots with a circular saw,

knowing that there was a substantial risk that he would be seriously injured by the saw.

It is true that in *Farmer*, the risk was caused by forcing a prisoner to *live* in unsafe

conditions; while in this case, the risk was caused by forcing a prisoner to *work* in

unsafe conditions.  However, Defendants offer no authority or convincing reason to

suggest this would be a material distinction.  Therefore, it seems that there may be

situations, where the work conditions are dangerous enough, where forcing an inmate

to work could be cruel and unusual punishment.

As for Defendants' second and third arguments, I conclude that these also lack

3

merit.  In cases such as this one, a plaintiff need not allege that the defendants acted

with the purpose of causing harm or that they willfully and wantonly inflicted pain.

Allegations that the defendants knew of a substantial risk of serious harm and that they

were deliberately indifferent to that risk are sufficient.  *Id.* at 834.

3.      Personal Participation

        In the final motion to dismiss, two of the defendants, Beverley Nichols (Nichols)

and Duane Conners (Conners), argue that Lopez's claims against them should be

dismissed because he does not allege their personal participation in any of the events

leading up to his injury. *See e.g.*, *Worrell v. Henry*, 239 F.3d 1197, 1214 (10th Cir.

2000) ("[T]o establish supervisory liability, a plaintiff must show that 'an affirmative link

exists between the [constitutional] deprivation and either the supervisor's personal

participation, his exercise of control or direction, or his failure to supervise.'") (quoting

*Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (alteration in original)).

Specifically, Nichols and Conners argue that Lopez's claims are deficient because

there are no allegations that (1) they were present at the time of the injury, or (2) knew

of the use of the circular saw.

        I disagree.  First, none of the cases cited by Nichols and Conners stand for the

proposition that, to be liable, a supervisor must be physically present when a

subordinate engages in unconstitutional behavior.  Indeed, such a standard would not

be reasonable; it would allow supervisors to escape liability even when they issue

direct orders that, when strictly followed, result in a flagrant violation of a prisoner's

constitutional rights.

4

As for the defendants' second argument, their assertion is refuted on the face of the Complaint.  Lopez alleges that Nichols and Conners were both personally responsible for setting the policy and procedures regarding the destruction of inmate work boots.  (Compl. ¶¶ 6-7.)  And, Lopez alleges that both Nichols and Conners personally had a policy of directing the inmates to cut the boots with a circular saw while another inmate held the boots by hand.  *Id.* at ¶ 14.  Therefore, dismissal is not appropriate on these grounds.

Accordingly, it is ordered:

1.     Plaintiff is granted leave to amend his Complaint for the limited purpose of demonstrating exhaustion of administrative remedies.

2.     Defendants' motion to dismiss, filed December 29, 2005 (Docket No. 6), is denied without prejudice.

3.     Defendants' motions to dismiss, filed December 29, 2005 (Dockets No. 5 & 7), are denied.

4.     This case remains pending for trial.

DATED at Denver, Colorado, on August 16, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge