IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02160-WDM-CBS

GEORGE LOPEZ,

    Plaintiff,

v.

BEVERLEY NICHOLS, Major (FCF) Physical Plant Manager,
DUANE CONNERS, Captain (FCF) Physical Plant Supervisor, and
WALTER WOODS, Sergeant (FCF), Grounds Maintenance Supervisor,
all sued in their individual capacities,

    Defendants.

## ORDER

On February 26, 2007, this court held a status conference in the above-captioned case. The court set that status conference after the parties had missed repeated deadlines for filing a stipulated motion. On November 7, 2006, I confirmed that the parties had reached a settlement in this case and directed that a stipulated motion to dismissed by filed on or before December 29, 2006. That deadline passed without the required filing. At the request of the parties, on January 16, 2007, the court granted a further extension of time and directed that a stipulated motion to dismiss be filed on or before January 29, 2007. Once again, the parties missed that deadline. On February 1, 2007, the court issued a Minute Order setting a status conference for February 8, 2007. In response to that Minute Order, counsel for Defendants filed a Status Report Regarding Settlement and Settlement Documents. That Status Report assured the court that

    The settlement release has been completed and approved by both counsel and is

> now out for signatures. . . . it is anticipated final dismissal documents can be filed
> with the court in 30 days. Inasmuch as counsel have done all they are able to do it
> is requested that they be excused for the status conference set for February 8, 2007
> and theat (sic) conference be vacated.

Based upon defense counsel's representations, I vacated the February 8th status conference. In the same Minute Order, the court directed the parties to file a stipulated motion to dismiss "no later than February 22, 2007." I also indicated that no further extensions of time would be granted. The parties were told that the court would hold another status conference on February 26, 2007 if a stipulated motion to dismiss was not filed by the mandated deadline. Not surprisingly, the February 22nd deadline passed without the required filing.

On February 22, 2007, the parties filed separate status reports. Plaintiff's status report indicated that an executed and notarized Settlement and Release Agreement had been forwarded to counsel for Defendants on February 15, 2007. According to Plaintiff, defense counsel had advised that "there may be an additional number of weeks before the funds are released pursuant to the Settlement and Release signed by Mr. Lopez." Understandably, Plaintiff was unwilling to sign a stipulated motion to dismiss until payment was received pursuant to the terms of the Settlement and Release. In their status report, Defendants explained that

> The signature of the Director of the Department of Corrections has been delayed
> because the Legal Services Supervisor has been out of the office from the date of
> the court's last minute order until Monday, February 26, 2007. Consequently,
> counsel expects the document to be signed by all signatories by early next week.
> Consequently, disbursements can occur thereafter and the dismissal documents will
> then be filed.

The court held a telephone status conference on February 26, 2007. During that status conference, defense counsel took sole responsibility for any delay in completing the settlement process and filing a stipulated motion to dismiss. As defense counsel conceded, "frankly, I

flubbed it" and "didn't produce the documents on time."  However, defense counsel represented to the court that his clients had approved the settlement and that once the Settlement and Release had been executed by Defendants, a check could be issued and the parties would file a stipulated motion to dismiss.  Defense counsel specifically asked for a extension of time until March 14, 2007, and assured the court that a stipulated motion would be filed no later than March 14, 2007.

The March 14, 2007 deadline passed without a stipulated motion to dismiss being filed.  More alarming was defense counsel's failure to advise the court that yet another deadline would be missed, or to explain his clients' failure to comply with my February 26th order.  The court's patience has finally been exhausted.  The court's interest in ensuring compliance with its orders is a great one, and may be enforced by sanctions.  *See Ohlander v. Larson* 114 F.3d 1531, 1541 (10th Cir. 1997).

ACCORDINGLY, the court hereby ORDERS Plaintiff's counsel, Defendants, their counsel and an appropriate representative from the Colorado Department of Corrections to appear at a status conference on March 28, 2007, at 1:30 p.m. in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to explain their apparent inability or unwillingness to comply with orders issued by this court.  Defendants and an appropriate representative from the Colorado Department of Corrections **MUST APPEAR IN PERSON**.

DATED this 19th day of March, 2007.

               BY THE COURT:

               *s/Craig B. Shaffer*
               Craig B. Shaffer
               United States Magistrate Judge